596 S.E.2d 915

**In the Matter OF COLLETON COUNTY MAGISTRATE Norris O. REARDEN, Respondent.**

No. 25821.

Supreme Court of South Carolina.

Submitted April 20, 2004.

Decided May 17, 2004.

Henry B. Richardson, Jr., Disciplinary Counsel, and Deborah S. McKeown, Assistant Disciplinary Counsel, both of Columbia, for the Office of Disciplinary Counsel.

Norris O. Rearden, of Walterboro, pro se.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a sanction pursuant to Rule 7(b), RJDE, Rule 502, SCACR. We accept the agreement and impose a six month suspension. The facts as set forth in the agreement are as follows.

## FACTS

### I.

Defendant A was incarcerated on October 24, 2003; he paid a $750 cash bond to respondent on that date. Respondent

prepared a deposit ticket for his magistrate account dated October 26, 2003. The ticket listed the $750 bond money deposit, although respondent did not deposit the bond money into his magistrate account on that date.

On October 26, 2003, respondent issued a check from his magistrate account payable to Magistrate Cobb for $750 to transmit Defendant A's bond money. On October 31, 2003, the check was returned from the bank due to insufficient funds and an overdraft fee was assessed against respondent's magistrate account.

Respondent deposited Defendant A's bond money into his magistrate account on November 13, 2003. Respondent represents he inadvertently left the bond money in his deposit book until he learned the check had been returned from the bank for insufficient funds. Respondent acknowledges he failed to deposit Defendant A's bond money into his magistrate account in a timely manner.

Respondent failed to report the returned check to South Carolina Court Administration and ODC as required by the Order of the Chief Justice dated November 9, 1999.

## II.

Defendant B was incarcerated on June 14, 2003, and, on that date, paid a $1,164 cash bond to respondent. After receiving Defendant B's bond money, respondent neglected to sign the "Authorization for Release on Bond" form for Defendant B and, as a result, Defendant B was not released from jail for six days. Respondent represents his failure to sign the form was an oversight and the jail staff did not bring Defendant B's continued incarceration to his attention.

Respondent prepared a deposit ticket for his magistrate account dated July 25, 2003, (forty-one days after Defendant B's original bond money was received) that listed Defendant B's bond money for deposit although this money was not deposited in the magistrate account until August 4, 2003 (fifty-one days after Defendant B's bond money was received). Respondent offers no explanation as to the location of these funds from June 14 until August 4; he offers no explanation why these funds were not deposited into his magistrate account in a timely manner.

On July 25, 2003, respondent issued a check from his magistrate account payable to Magistrate Campbell for $1,164 to transmit Defendant B's bond money, but there were insufficient funds in the account to honor the check.

During Defendant B's prolonged incarceration, Defendant B hired a bail bondsman who paid an additional $1,172 bond on his behalf on June 20, 2003. On September 5, 2003, respondent returned Defendant B's excess bond money which had been paid as a result of his failure to execute the appropriate release form (seventy-seven days after Defendant B paid the excess bond).

Respondent acknowledges he failed to deposit Defendant B's bond money into his magistrate account in a timely manner as required by the Order of the Chief Justice dated November 9, 1999.

## III.

ODC's review of respondent's financial records reveals the majority of information entered by respondent in his receipt books and deposit tickets is illegible. Respondent acknowledges that, in the majority of cases, he cannot identify the defendants or the amount of bail received due to his inadequate recordkeeping. Additionally, the deposit tickets maintained by respondent do not specify receipt numbers, contrary to the Order of the Chief Justice dated November 9, 1999.

Respondent acknowledges that, as a result of his poor recordkeeping, as set forth in Parts I, II, and III, of this opinion, he has failed to comply with Sections II(A) (frequency of bank deposits), IIC(2) (information which must included on bank deposit slips), IIG (additional information which must be included on bank deposit slips), IIIB (procedure for handling bonds collected from other magistrates, municipal judges, and clerks of court), and VIII (requirement that magistrate immediately report in writing to Office of Court Administration and ODC when any shortage of magistrate funds are noted or reported) of the Order of the Chief Justice dated November 9, 1999.

*Cooperation with ODC*

ODC states that, under best information and belief, respondent has fully cooperated with its inquiries into these matters.

*LAW*

By his misconduct, respondent has violated the following Canons of the Code of Judicial Conduct: Canon 1 (judge shall uphold integrity of the judiciary); Canon 1A (judge should participate in establishing, maintaining and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved); Canon 2 (judge shall avoid impropriety and the appearance of impropriety in all activities); Canon 2A (judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 3 (judge shall perform the duties of judicial office impartially and diligently); Canon 3B(2) (judge shall be faithful to the law and maintain professional competence in it); Canon 3B(8) (judge shall dispose of all judicial matters promptly, efficiently, and fairly); and Canon 3(C)(1) (judge shall diligently discharge his or her administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration, and should cooperate with other judges and court officials in the administration of court business).

By violating the Code of Judicial Conduct, respondent has also violated Rule 7(a)(1) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR. In addition, he violated Rule 7(a)(7), RJDE, by willfully violating a valid court order issued by a court of this state.

*CONCLUSION*

We find respondent's misconduct warrants a suspension from judicial duties. We therefore accept the Agreement for Discipline by Consent and suspend respondent for six (6) months. Before he may resume his judicial duties, respondent shall attend and successfully complete the magistrate orienta-

tion seminar for newly appointed magistrates and municipal judges.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.